**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MATTHEW BRUMFIELD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13094** |
| **TRANSUNION, INC., ET AL.** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court are Defendant Pennsylvania Higher Education Assistant Agency d/b/a American Education Services ("PHEAA")'s Motion to Dismiss, R. Doc. 3, Plaintiff Matthew Brumfield's Motion to Transfer, R. Doc. 14, and Plaintiff Matthew Brumfield's Motion to Stay, R. Doc. 15. PHEAA opposes Plaintiff's Motion to Transfer. R. Doc. 18. The Court now rules as follows.

### I. BACKGROUND

On February 13, 2019, several plaintiffs, including Plaintiff Matthew Brumfield ("Brumfield"), filed a lawsuit against several defendants, including Pennsylvania Higher Education Assistant Agency d/b/a American Education Services ("PHEAA"), under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* These plaintiffs alleged that the defendants willfully and/or negligently violated the FCRA, which resulted in plaintiffs incurring damages. R. Doc. 1-1 at 22. All of these plaintiffs asserted a claim against TransUnion, Inc., LLC ("TransUnion"), as well as at least one of the other defendants. R. Doc. 1-2 at 1–2. In the Complaint, Brumfield is described as a "citizen of the United States" without further information about his domicile. R. Doc. 1-1 at 3. Subsequently, on April 30, 2019, the plaintiffs filed a voluntary motion to sever their claims, which the Court granted. R. Doc. 1-2. In its Order, the

Court declined to determine whether venue in the Eastern District of Louisiana was proper and instead, allowed PHEAA to challenge venue after the claims had been severed. R. Doc. 1-2 at 4. On October 10, 2019, Brumfield filed an Amended Complaint in this Court, listing only TransUnion and PHEAA as defendants. R. Doc. 1 at 2. On January 3, 2020, PHEAA filed a Motion to Dismiss for lack of personal jurisdiction and improper venue. R. Doc. 3. In lieu of a response, Brumfield filed a Motion to Transfer, which TransUnion does not oppose but PHEAA does. R. Doc. 14 at 2.

**II.    PENDING MOTIONS**

PHEAA moves to dismiss Brumfield's claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). R. Doc. 3 at 1. PHEAA argues that PHEAA is not subject to specific or general personal jurisdiction in this Court because neither PHEAA nor Brumfield reside in Louisiana. Moreover, PHEAA asserts that venue is improper in this Court because "a substantial part of the events or omissions giving rise to Brumfield's claims against PHEAA did not occur in this District" and PHEAA does not reside in this District. R. Doc. 3 at 2.

Rather than filing an opposition, Brumfield filed a Motion to Transfer to have this matter voluntarily transferred to the Western District of Pennsylvania, Pittsburgh Division, which is where Plaintiff is domiciled. R. Doc. 14 at 2. While TransUnion consents to this transfer, PHEAA does not. PHEAA contends that Brumfield had ample opportunity to timely re-file his claim in the correct District rather than re-filing his claim in this District and then seeking a transfer to the Western District of Pennsylvania, which PHEAA states is not even Brumfield's "home" venue, which is actually in the Eastern District of Pennsylvania. R. Doc. 18 at 1, 3. Finally, Brumfield

also filed a Motion to Stay PHEAA's Motion to Dismiss until the Court rules on Brumfield's Motion to Transfer. R. Doc. 15.

### III. LEGAL STANDARDS

#### A. Personal Jurisdiction

"Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to present by motion a defense that the Court lacks personal jurisdiction over it." *Hebert v. Wing Sale, Inc.*, 337 F. Supp. 3d 714, 717 (E.D. La. 2018). "On a motion to dismiss for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof." *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982) (citing *Southwest Offset, Inc. v. Hudco Publishing Co.*, 5 Cir. 1980, 622 F.2d 149, 152 (per curiam)). The plaintiff "need not establish personal jurisdiction by a preponderance of the evidence; prima facie evidence of personal jurisdiction is sufficient." *Id.*

#### B. Venue

"Federal Rule of Civil Procedure 12(b)(3) allows the defense of improper venue to be made by motion before a responsive pleading is filed." *Francis v. E-Z Bus, Inc.*, No. CIV.A. 05-6905, 2006 WL 901761, at *1 (E.D. La. Apr. 7, 2006). "When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue . . . The general rule is that venue must be established for each separate cause of action and for each defendant." *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013) (internal citations omitted). "When a case lays venue in the wrong district, the Court shall dismiss or, in the interests of justice, transfer the case to a district in which it could have been brought." *Francis*, 2006 WL 901761, at *1 (citing 28 U.S.C. § 1406(a)).

#### C. Transfer of Venue

Pursuant to 28 U.S.C. § 1404(a), a district court in which venue is proper may transfer a case to another district court in which venue is also proper "[f]or the convenience of the parties, in the interest of justice." 28 U.S.C. § 1404(a). Meanwhile, pursuant to 28 U.S.C. § 1406(a), a district court in which venue is improper "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Essentially, "[b]oth statutes establish a basis for transferring forum, based on convenience or cure of defect, respectively." *Melancon v. Harrah's Enter., Inc.*, No. 07-3125, 2008 WL 294447, at *2 (E.D. La. 2008). Moreover, under both statutes, the decision of whether to transfer a case is within the discretion of the district court. *See SeaTrepid Int'l, LLC v. MK Salvage Venture, LLC*, No. 13-51, 2013 WL 4012655, at *3 (E.D. La. Aug. 5, 2013) ("The decision whether to transfer a case pursuant to 28 U.S.C. § 1404(a) is committed to the sound discretion of the district court."); *Karts Int'l, Inc. v. Schweser*, No. 99-1636, 1999 WL 1075937, at *3 (E.D. La. Nov. 30, 1999) ("The decision whether to transfer an action pursuant to Section 1406(a) rests within the sound discretion of the trial court.").

**IV.  DISCUSSION**

### A. Whether Brumfield's claim against PHEAA should be dismissed for lack of personal jurisdiction

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "The limits of the Louisiana Long-arm Statute and the limits of constitutional due process are now coextensive," and therefore "the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 547

(5th Cir. 2014) (quoting *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987)); *see also Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 624 (5th Cir. 1999) (Louisiana's long-arm statute "extends personal jurisdiction of courts sitting in Louisiana, including federal courts, to the limits permitted under the due process clause of the Fourteenth Amendment."); Helpful Hound, L.L.C. v. New Orleans Bldg. Corp., 333 F. Supp. 3d 593, 598 (E.D. La. 2018) ("Because Louisiana's long-arm statute . . . extends jurisdiction to the limits of due process, the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements.").

Under federal due process requirements, "a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)). Minimum contacts with a forum state can be satisfied by contacts that "give rise to general or specific jurisdiction." *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008); *see also Page v. JNJ Express, Inc.*, No. CV 17-9451, 2018 WL 263234, at *2 (E.D. La. Jan. 2, 2018) (internal quotation omitted) ("The 'minimum contacts' prong of the due process analysis may be subdivided into two different classifications of personal jurisdiction depending on the types of contacts the nonresident defendant has with the forum state—namely, 'specific' personal jurisdiction and 'general' personal jurisdiction.")

In the instant case, Brumfield contends that this Court has general jurisdiction over the defendants, but provides no justification for this claim. R. Doc. 14-1 at 2. On the other hand, PHEAA argues that it is subject to neither the Court's specific nor general personal jurisdiction

because it has "zero contacts with Louisiana as it relates to Brumfield's claim." R. Doc. 3-1 at 5. Specifically, PHEAA asserts that the Court does not have specific jurisdiction over it because it has not "purposefully avail[ed] itself of the privilege of conducting activities within [Louisiana], thus invoking the benefits and protections of [Louisiana's] laws." R. Doc. 3-1 at 5–6 (quoting *Growden v. Ed Bowlin & Assoc., Inc.*, 733 F.2d 1149, 1151 (5th Cir. 1984)). PHEAA avers that it did not make any purposeful contact with Louisiana with respect to this action, neither Brumfield nor PHEAA reside in Louisiana, and PHEAA resides in Pennsylvania, does not have any offices in Louisiana, and did not outsource any work regarding Brumfield's loan to third parties in Louisiana. R. Doc. 3-1 at 6–7.

Moreover, PHEAA argues that it is not subject to general jurisdiction in Louisiana either because it is not "at home" in the forum state. *See Thornton v. Florida Marine Transporters, LLC*, No. 17-17988, 2019 WL 329593, at *2 (E.D. La. Jan. 25, 2019). PHEAA points to the fact that "[c]orporate defendants are generally deemed to be 'at home' for purposes of general jurisdiction only 'in their state of incorporation and the state where their principal place of business is located.'" R. Doc. 3-1 at 8 (quoting *Opti-Com Mfg. Network, LLC v. Champion Fiberglass, Inc.*, No. 18-9647, 2019 WL 1904894, at *4 (E.D. La. 2019)). PHEAA is a "statutorily-created instrumentality of Pennsylvania" with its principal place of business in Pennsylvania. R. Doc. 3-1 at 9–10. Moreover, PHEAA does not have any offices in Louisiana, has no employees in Louisiana, and although it services student loans in all 50 states, none of the student loans that PHEAA services in Louisiana are at issue in this matter. R. Doc. 3-1 at 10 . Therefore, PHEAA asserts that the Court does not have general jurisdiction over it either.

The Court concludes that it does not have personal jurisdiction over PHEAA in this matter. Brumfield has the burden of proof to establish personal jurisdiction, but he has failed to meet this

burden. *See Wyatt*, 686 F.2d at 280. Even "prima facie evidence of personal jurisdiction [would be] sufficient," *id.*, but plaintiff has failed to provide any justification for why this Court has personal jurisdiction over PHEAA.

### B. Whether Brumfield's claim against PHEAA should be dismissed or transferred for improper venue

Because the Court does not have personal jurisdiction over PHEAA, it is within the Court's discretion to dismiss the matter or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). The Fifth Circuit has concluded that "[i]t is obviously not 'in the interest of justice' to allow [Section 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967). This general rule is especially pertinent when a non-diligent plaintiff who filed a case in the wrong venue seeks to avoid a statute of limitations defect through a transfer of venue. *See id.* ("The purpose of the statute of limitations is not, therefore, frustrated by this statute [when a non-diligent plaintiff knowingly files a case in the wrong district].") Other courts have also concluded that Section 1406 was "not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, but rather [was] intended to facilitate fairness and result in greater convenience to litigants." *Pedzewick v. Foe*, 963 F. Supp. 48, 51 (D. Mass. 1997). However, "[f]airness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely." *Id.*

In this case, Brumfield argues that the case should be transferred to the Western District of Pennsylvania because it would "severely prejudice" him if the case was dismissed rather than transferred. R. Doc. 14-1 at 3. Brumfield explains that there may be "possible statute of limitations

issues" that might arise if the case was dismissed without prejudice rather than transferred. R. Doc. 14-1 at 3.

In opposition, PHEAA contends that Brumfield has failed to explain why he filed and then re-filed this action "over 1,100 miles away from home in a court to which he has no connection whatsoever" even though he was warned of the jurisdictional and venue defects of having the case in this District. R. Doc. 18 at 1–2. PHEAA asserts that it is not "in the interest of justice" for this matter to be transferred because Brumfield was not diligent in determining whether this District was a proper venue for his claims in the first place and even after he was put on notice that it might not be the proper venue, he still re-filed his case here rather than conducting minimum diligence that would have shown that Pennsylvania is the proper venue. R. Doc. 18 at 12. PHEAA thus argues that Brumfield should not be able to benefit from transferring this case to a proper venue when he used a tactic to "keep the statute of limitations open indefinitely and drive up PHEAA's costs." R. Doc. 18 at 12.

The Court concludes that because this is an improper venue for Brumfield's claims against PHEAA and it is not "in the interest of justice" to allow Brumfield to use Section 1406 to file a case in the wrong district and then try to avoid a statute of limitations defect through a transfer of venue. *See Dubin*, 380 F.2d at 816 n.5. Brumfield fails to provide any explanation for why he filed this lawsuit in this District in the first place and moreover, why he re-filed this lawsuit in this District after the claims were severed and Judge Guidry put parties on notice that this venue may be improper for some of their claims. *See* R. Doc. 1-2 at 4 ("The Court finds that severance is appropriate in this case and declines to determine whether venue is appropriate at this juncture. PHEAA will have the opportunity to challenge venue after the claims have been severed."). The purpose of Section 1406 was to "facilitate fairness and result in greater convenience to litigants,"

but "[f]airness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely," *see Pedzewick*, 963 F. Supp. at 51, as Brumfield appears to have done in this case.

## V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Pennsylvania Higher Education Assistance Agency's Motion to Dismiss, R. Doc. 3, is hereby **GRANTED**. Plaintiff Matthew Brumfield's claims against Defendant Pennsylvania Higher Education Assistance Agency are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer, R. Doc. 14, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Defendant PHEAA's Motion to Dismiss, R. Doc. 15, is hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 6th day of March, 2020.

_____
ELDON E. FALLON
U.S. DISTRICT COURT JUDGE